**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KIARA R.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 22-00683 (RK)<br><br>**<u>MEMORANDUM ORDER</u>** |

**<u>KIRSCH, District Judge</u>**

**THIS MATTER**, having come before the Court upon the "Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)" of James Langston ("Mr. Langston"), (ECF No. 25), counsel for Plaintiff Kiara R.[1] ("Plaintiff"), seeking attorney's fees in the amount of $19,464.75; and

**THE COURT NOTING** that, having reviewed Mr. Langston's Motion,[2] Mr. Langston asserts that he is entitled to $19,464.75 of the $77,859.00 in retroactive Social Security benefits awarded to his client for his client's disability beginning in 2017, equal to 25% of that award.[3] (ECF No. 25-3 at 2; ECF No. 25-7.) Mr. Langston asserts that Plaintiff received this award following the Order of the Honorable Freda L. Wolfson, U.S.D.J. (ret.), remanding Plaintiff's request for benefits for further proceedings, (ECF No. 21; 25-3 at 2), benefits that Administrative

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

[2] Although the Motion is filed under Plaintiff's name, "the real part[y] in interest [is her] attorney[], who seek[s] to obtain . . . fee awards under § 406(b)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[3] The Court notes that the Social Security Administration letter specifying Plaintiff's entitlement to back payment of Supplemental Security Income specifies that Plaintiff is entitled to $77,859.50. (ECF No. 25-7.) However, this hypertechnical discrepancy does not increase Mr. Langston's requested attorney's fees nor affect the Court's decision to grant Mr. Langston's Motion.

Law Judge Leonard Costa subsequently awarded to Plaintiff following that remand, (ECF No. 25-3 at 2). On December 28, 2022, Judge Wolfson awarded Mr. Langston $8,500 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") for the 40.7 hours he spent working on Plaintiff's case. (ECF Nos. 22-5 (noting 40.7 hours), 24); 28 U.S.C. § 2412(d)(1)(A). Consistent with his January 2022 "Fee Agreement" with Plaintiff, Mr. Langston moved on February 5, 2026 for 25% of Plaintiff's back payment award, which he contends is a reasonable fee amount, (ECF No. 25-3 at 2–5; ECF No. 25-6); and

**WHEREAS**, the Court may determine that an attorney in a representation before this Court and the Commissioner of Social Security (the "Commissioner") is entitled to a "reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled," 42 U.S.C. § 406(b)(1)(A); and

**WHEREAS**, the Commissioner "neither supports nor opposes" Mr. Langston's Motion, (ECF No. 27 at 2), as he "has no direct financial stake in the answer to the § 406(b) question; instead [he] plays a part in the free determination resembling that of a trustee for the claimant[]," *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002); and

**WHEREAS**, the Court must "review for reasonableness fees yielded by [contingency-fee] agreements" like Mr. Langston and Plaintiff's, *id.* at 809, including by considering "(1) the character of the representation; (2) the results achieved; (3) whether the attorney was responsible for any delay; and (4) whether the benefits are large in comparison to the amount of time spent on the case," *Acosta v. Comm'r Soc. Sec.*, No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (per curiam) (citing *Gisbrecht*, 535 U.S. at 808); and

**WHEREAS**, the Court "must also consider 'the primacy of lawful attorney-client fee agreements,'" *id.* (quoting *Gisbrecht*, 535 U.S. at 793); and

2

**WHEREAS,** counsel may be entitled to attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1)(A), but the attorney must refund the smaller fee awarded between the two amounts to the claimant, *Gisbrecht*, 535 U.S. at 796; and

**THE COURT FINDING** that Mr. Langston's request for attorney's fees of $19,464.75 is reasonable. First, Mr. Langston represented Plaintiff throughout the appeal process, including reviewing the underlying record and medical exhibits, preparing Plaintiff's brief, and working with opposing counsel. (*See* ECF No. 25-5.) Second, Mr. Langston was successful in his representation of Plaintiff, securing Supplemental Security Income payments for the period of August 2017 to January 2026. (*See* ECF No. 25-7.) Thid, because Mr. Langston's Motion was within 14 days of when the "notice of award [was] issued by the Commissioner" and when Mr. Langston was "notified of that award," his Motion for fees is timely under Federal Rule of Civil Procedure 54(d)(2). *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); (ECF No. 25 (motion filed February 5, 2026); ECF No 25-7 (notice of Commissioner's award dated January 28, 2026).) Fourth, Mr. Langston's requested fee, averaging to approximately $478.25 per hour worked, is not excessive when compared to other approved fees throughout this Circuit. *See, e.g.*, *Heath Reynold L. v. Bisignano*, No. 24-1335, 2025 WL 2899996, at *3 (E.D. Pa. Oct. 9, 2025) (collecting cases permitting § 406(b) fees in excess of $1,000 per hour). Finally, considering "the primacy of lawful attorney-client fee agreements," the Court will honor Mr. Langston and Plaintiff's agreement here, which meets the 42 U.S.C. § 406(b)(1)(A) threshold of 25 percent. *Gisbrecht*, 535 U.S. at 793; (ECF No. 25-6). However, because Mr. Langston already received $8,500 under the EAJA, he must refund Plaintiff this lesser fee. *Id.* at 796; (ECF No. 24.)

IT IS on this February 15, 2026,

ORDERED that Mr. Langston's Motion (ECF No. 25) is GRANTED; and it is further

ORDERED that Mr. Langston refund the EAJA award of $8,500 to Plaintiff upon receipt of $19,464.75; and it is further

ORDERED that the Clerk of the Court is directed to terminate the Motion pending at ECF No. 25.

_____

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

4